Curtis Otis **REESE**, for himself and all other persons similarly situated, Plaintiff,

v.

**ATLANTIC STEEL COMPANY**, a corporation, Atlantic Steel Company, Inc., a corporation, United Steel Workers of America, Local No. 2401, an unincorporated association, United Steel Workers of America, an unincorporated association, Defendants.

Civ. A. No. 10309.

United States District Court
N. D. Georgia,
Atlanta Division.

July 21, 1967.

Charles Morgan, Jr., Morris Brown, Atlanta, Ga., Melvin L. Wulf, New York City, for plaintiff.

Cooper, Mitch, Johnston & Crawford, Birmingham, Ala., Jones, Bird & Howell, J. R. Goldthwaite, Jr., Atlanta, Ga., for defendants.

Donald Hollowell, Atlanta, Ga., Kenneth F. Holbert, Washington, D. C., for Equal Employment Opportunity Commission.

LEWIS R. MORGAN, Chief Judge.

The plaintiff in the above-styled action brought suit, pursuant to Title 42, § 2000e–5 of the Civil Rights Act, for alleged employment discrimination. The defendants filed a motion to dismiss on the grounds that this Court lacks jurisdiction to entertain the suit.

The pertinent portion of Title 42, Section 2000e–5 provides:

> If within thirty [1] days after a charge is filed with the Commission * * * the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved * *.

In the instant case, the plaintiff lodged a complaint with the Commission. After sixty days the Commission notified the plaintiff that no voluntary compliance had been secured and, therefore, he had thirty days within which to file suit. It is the defendants' contention that the Commission failed to make any effort toward a conciliatory settlement, and that the plaintiff is therefore precluded from bringing suit under the Act.

The issue before the Court is whether the plaintiff has done all that is required of him by the Act as a condition precedent to the filing of a complaint with the Court.

It is clear that the plaintiff has filed a complaint with the Commission, and that

---

1. May be extended to sixty days by Commission.

he has filed a complaint with the Court after receiving notification from the Commission that it has been unable to secure voluntary compliance. Thus, the plaintiff has availed himself of the available administrative remedial procedures, and should not be precluded from his day in court on the basis of a charge by the defendants which contend that the Commission has failed to properly execute its duties.

■ Access to the Court should not be closed to the plaintiff, regardless of whether the Commission was neglecting to perform its duty of seeking conciliation or if it made a reasonable determination that efforts at conciliation would be futile.

In Hall v. Werthan Bag Corporation, D.C., 251 F.Supp. 184 (1966), the Court ruled on the question of administrative exhaustion regarding this section of the Act, holding that the filing of a complaint with the Commission was sufficient. In essence, the Court held that a person who has made resort to the Commission has exhausted administrative remedies and may sue even though application to the Commission was unsuccessful in that the Commission took no action.

This conclusion has been reached by two other Courts which have passed on the question. Douglas Quarles v. Phillip Morris, Inc., (E.D.Va.) 271 F.Supp. 842; Evenson v. Northwest Airlines, (E.D. Va.) 268 F.Supp. 29.

As the Court succinctly stated in *Quarles:*

"The plaintiff is not responsible for the acts or omissions of the Commission. He, and the members of his class, should not be denied judicial relief because of circumstances over which they have no control. The plaintiff exhausted administrative remedies and satisfied the requirements of the Act by filing a complaint with the Commission and awaiting its advice. He is not required to show that the Commission has endeavored to conciliate. To insist that he do so, would require him to pursue an administrative remedy which may be impossible to achieve. If the Commission makes no endeavor to conciliate, the remedy is ineffective and inadequate."

This Court cannot escape the conclusion that the plaintiff has done all that is humanly possible to comply with the statute. His statutory rights cannot go unprotected due to the failure of the Commission.

In passing, it is worth noting that the defendants' complaint that the Commission has made no effort to conciliate is not warmly received by the Court. The defendants have long been aware that the plaintiff felt he had a valid grievance under the Act. If the defendants feel that the complaint is without merit, they should welcome the opportunity to be vindicated in Court, while if they are of the opinion that the complaint is meritorious, they have had ample time to take conciliatory action on their own initiative without prodding from the Commission.

■ Finally, the defendants argue that the plaintiff should be forced to pursue contractual grievance procedures before a Section 2000e action is available to him. The Court cannot agree.

The Act sets out specifically the procedures necessary for the institution of a civil action, and processing a grievance through the contractual machinery is not noted as such a condition precedent to a civil suit. The defendants are in effect contending that racial discrimination is on the same footing with other employee grievances and should be processed accordingly.

The passage of a specific act with specific provision for remedial steps, coupled with the creation of a special Commission to handle such charges of discrimination, tends to undermine the defendants' contention.

Thus, the Court is of the opinion that the defendants' motion to dismiss must be denied.

It is so ordered.