AMERICAN NEWSPAPER PUBLISHERS ASSOCIATION, a New York Corporation and the Evening Star Newspaper Company, a District of Columbia Corporation, Plaintiffs,

v.

Clifford L. ALEXANDER, Jr., Luther Holcomb, Elizabeth J. Kuck, and Vincente T. Ximenes, as Members of the Equal Employment Opportunity Commission, Defendants.

Civ. A. No. 2431–68.

United States District Court
District of Columbia.

Nov. 21, 1968.

Arthur B. Hanson, Washington, D.C., W. Frank Stickle, Jr., Washington, D.C., for plaintiffs.

Russell Specter, Equal Employment Opportunities Commission, Washington, D.C., for defendants.

## FINDINGS OF FACT
## CONCLUSIONS OF LAW
## AND ORDER

CORCORAN, District Judge.

The underlying complaint herein seeks a declaratory judgment that the defendant Equal Employment Opportunity Commission lacks authority to issue a "Guideline" and permanently to enjoin the Commission from seeking to enforce such a Guideline effective December 1, 1968.

In the instant proceeding the plaintiffs seek a preliminary injunction and ask for a stay of the effective date of December 1, 1968 of a Guideline promulgated by the Commission interpreting Section 704(b) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–3(b) ).

The motion was heard on November 14, 1968.

Having considered the plaintiffs' motion, the supporting points and authorities, the affidavits of Stanford Smith and Lowell Steele, and the exhibits attached thereto, and defendants' opposition thereto, the Court makes the following:

## FINDINGS OF FACT

1. On July 2, 1964, the President signed into law the Civil Rights Act of 1964, Public Law 88–352 (herein "the Act"). Title VII of the Act, which became effective July 2, 1965, is principally concerned with the elimination of discrimination in employment based upon race, color, religion, sex or national origin.

2. Section 705, Title VII of the Act (42 U.S.C. § 2000e–4) provides for the creation of a Commission to be known as the Equal Employment Opportunity Commission (herein "the Commission") consisting of five members to be appointed by the President, one of whom is to be the Chairman.

3. The defendants in this action are the members of the Commission.

4. The plaintiff, American Newspaper Publishers Association (herein ANPA) is a non-profit membership corporation organized and existing under the laws of the State of New York. Its membership consists of more than 1,000 daily newspapers representing more than 90 percent of the total daily and Sunday newspaper circulation in the United States. ANPA employs approximately 110 individuals.

5. The plaintiff, The Evening Star Newspaper Company, (herein "the Star") is a corporation organized and existing under the laws of the District of Columbia, and is authorized to do business in the District of Columbia. The Company publishes a daily newspaper, "The Evening Star", and a Sunday edition, "The Sunday Star", which is circulated in and around the metropolitan area of Washington, D. C. The daily circulation is approximately 320,000 copies; Sunday circulation is approximately 365,000 copies. The Star employs approximately 2,000 individuals.

6. The present proceeding is brought by each of the plaintiffs in their capacities as employers covered under the provisions of Title VII of the Act. Additionally, ANPA brings the action in a representative capacity on behalf of its member newspapers, and the Star brings the action in its capacity as a newspaper affected by the Guideline.

7. Section 713 of Title VII of the Act (42 U.S.C. § 2000e–12) provides in part:

"(a) The Commission shall have authority from time to time to issue, amend, or rescind suitable procedural

regulations to carry out the provisions of this subchapter. Regulations issued under this section shall be in conformity with the standards and limitations of the Administrative Procedure Act.

"(b) In any action or proceeding based on any alleged unlawful employment practice, no person shall be subject to any liability or punishment for or on account of (1) the commission by such person of an unlawful employment practice if he pleads and proves that the act or omission complained of was in good faith, in conformity with, and in reliance on any written interpretation or opinion of the Commission * * *."

8. Section 704(b) of Title VII of the Act provides:

"It shall be an unlawful employment practice for an employer * * * to print or publish or cause to be printed or published any notice or advertisement relating to employment by such an employer * * * indicating any preference, limitation, specification, or discrimination, based on race, color, religion, sex, or national origin, except that such a notice or advertisement may indicate a preference, limitation, specification, or discrimination based on * * * when * * * sex * * * is a bona fide occupational qualification for employment." ·

9. (a) On April 22, 1966, the Commission, pursuant to the authority of Section 713(a) quoted above, adopted a Guideline concerning "Job opportunities advertising," as follows:

"(a) Help wanted advertising may not indicate a preference based on sex unless a bona fide occupational qualification makes it lawful to specify male or female.

"(b) When a newspaper or other publication classifies such advertising in separate 'Male,' 'Female,' and 'Male and Female' columns, advertising will most clearly avoid an indication of preference by using the 'Male and Female' column. However, advertisers

covered by the Civil Rights Act of 1964 may place advertisements for jobs open to both sexes in columns classified 'Jobs of Interest-Male' or 'Jobs of Interest-Female' provided; (1) the advertisement specifically states that the job is open to males and females and (2) [an appropriate notice stating that sex specified jobs are also available to the other sex] * * * appears in a prominent place on every other page in the section in which the classified advertising appears."

(b) Before promulgating the above the Commission invited comment from any interested persons. Both ANPA and the Star were aware of the proceedings but neither the Star nor ANPA objected to the authority of the Commission to issue a Guideline concerning classified advertising.

10. On April 14, 1967, in response to a petition filed by the National Organization for Women, the Commission announced that it would hold hearings for the purpose of considering "Proposed Interpretive Rules" on matters involving the sex discrimination provisions of Title VII, including a possible revision of its then effective Guideline quoted above.

11. The hearings were held on May 2 and 3, 1967, and interested persons were encouraged to participate. A total of 28 persons presented their opinions, leading to a record of some 321 pages of testimony. As a result of the data elicited at the hearing, the Commission revised its earlier Guideline and on August 14, 1968 promulgated the Guideline in issue. It reads:

"It is a violation of Title VII for a help-wanted advertisement to indicate a preference, limitation, specification or discrimination based on sex unless sex is a bona fide occupational qualification for the particular job involved. The placement of an advertisement in columns classified by publishers on the basis of sex, such as columns headed 'Male' or 'Female' will be considered an expression of a preference,

limitation, specification, or discrimination based on sex."

On the basis of the foregoing Findings of Fact the Court makes the following:

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties.

2. This Court has jurisdiction over the subject matter of this case pursuant to the provisions of 28 U.S.C. § 1337.

3. The Guideline is not a regulation having the force or effect of law.

4. The Commission has no enforcement powers. In a suit alleging violation of § 704(b) the Guideline is not binding upon the Court but is evidence only of the Commission's interpretation of the statute. The Court is free to interpret the statute differently if it chooses to do so.

5. The interpretation of Section 704(b) (42 U.S.C. § 2000e-3(b) by means of a "Guideline" is consistent with the powers afforded the Commission in Sections 713(a) and (b), as well as the general practice of administrative agencies to issue and promulgate interpretations of this nature.

6. When Sections 713(a) and (b) of Title VII are read together it is apparent that the Congress intended that the Commission should have the authority to issue and publicize its interpretations of the meaning of the provisions of Title VII. The promulgation of interpretive guidelines is a necessary function of an agency which is entrusted with the duty of administering a statute. In the case of a statute such as Title VII, where emphasis is placed on voluntary compliance with the requirements of non-discrimination, and where there is a general lack of guiding precedent, the promulgation of reasonable interpretive guidelines has the salutary effect of informing the public of the Commission's interpretation of the statute.

7. The Guideline formulated by the Equal Employment Opportunity Commission concerning classified newspaper advertising, to become effective December 1, 1968, represents a reasonable interpretation of Section 704(b) of Title VII.

8. The Commission has not exceeded its authority in promulgating the Guideline.

It is, accordingly,

Ordered, this 21st day of November, 1968, that

1. The plaintiffs' motion for a preliminary injunction and stay of the effective date of the Equal Employment Opportunity Commission's Guideline entitled "Job Opportunities Advertising", 29 C.F.R. § 1604.4, is denied.

2. Plaintiffs' request for the costs of this proceeding is denied.