Sophia GRIMM, Plaintiff,

v.

WESTINGHOUSE ELECTRIC CORPO-
RATION, Defendant.

Civ. 49021.

United States District Court

N. D. California.

June 17, 1969.

Severson, Werson, Berke & Bull, Nathan R. Berke, San Francisco, Cal., for defendant.

Gordon C. Gould, Redwood City, Cal., for plaintiff.

## ORDER GRANTING SUMMARY JUDGMENT

ZIRPOLI, District Judge.

Plaintiff is a female. Under the terms of a collective bargaining agreement, she was employed by defendant in a probationary status for about five months as the first and sole female tool designer. On January 27, 1967, she was dismissed by defendant.

Several days after her dismissal, plaintiff filed with the Equal Employment Opportunities Commission (EEOC) a Charge of Discrimination. She claimed (1) that at the time of hiring she was promised daily overtime, whereas such overtime never materialized, and (2) that she was continuously harassed and intimidated on account of her sex and finally was dismissed without any reason therefor being given.

The Commission made an investigation and summarized the results as follows:

\* \* \* [T]he Charging Party was discharged for just cause. Namely, a poor work performance record, and a general poor work attitude. The Charging Party's personnel record reflected a poor attendance record, including frequent tardiness and numerous "days out." The Charging Party had an extensive record of personnel (sic) abuses toward her co-workers and supervisors. On several occasions the Charging Party had referred to other personnel with profane language and other manners of misconduct.

The Commission concluded that the close supervision of plaintiff was "due to her established pattern of misconduct on the job." With regard to the charge concerning overtime work, the Commission declined to make a determination in view of the conflict presented between Title VII and state law.

The Commission decided on July 27, 1967, that "[r]easonable cause does not exist to believe that the Respondent is in violation of Title VII of the Civil Rights Act of 1964 as alleged."

In August plaintiff requested reconsideration. The request appeared to have been presented beyond the prescribed five day time period, but the Commission nevertheless reexamined the case and determined that no evidence indicated discrimination against plaintiff on account of her sex. The Commission therefore denied the request for reconsideration on January 25, 1968, "as untimely filed."

Thereafter, plaintiff commenced the present civil suit, which defendant challenges by way of "Motion to Dismiss or for Summary Judgment." The bases of defendant's motion to dismiss are three: (1) That the statutory prerequisites for invoking judicial review, particularly a Commission finding of reasonable cause and a notice of failure of voluntary compliance, have not been satisfied; (2) That the statutory time limitations for

bringing suit within 30 days of receiving notice from the Commission and within 180 days of the alleged discriminatory act were not complied with; (3) That plaintiff failed to provide defendant with a factual summary sufficient to constitute a plain statement of the * * * claim under Rule 8(a) (2)." Edwards v. North American Rockwell Corp., 291 F.Supp. 199 (C.D.Cal.1968).

The motion for summary judgment will be separately treated herein.

### Statement of Claim

■ Considering the last of defendant's arguments in support of the motion to dismiss, this Court finds that plaintiff has sufficiently stated her claim. In her amended complaint through her counsel she alleges that "on or about January 22, 1968, (sic) defendant wilfully and intentionally violated 42 U.S.C.A. Section 2000e–2(a) (1) (2) * * * in that said defendant did discharge plaintiff because of her sex, * * * This Court finds the foregoing to be adequate to satisfy the requirement of Fed.R.Civ.Proc. 8(a) (2) that the pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief * * *" The complaint in Edwards merely asserted violation of "procedural rights" and vaguely unsatisfactory working conditions. The requirement of Edwards that the complaint contain a factual statement is therefore dictum at best, and if not dictum, then error. 2A Moore's Federal Practice 1692 (1968).

### Time Limitations

Defendant points first to plaintiff's delay in requesting reconsideration. The applicable regulation, 29 C.F.R. 1601.19(b), provides that any party aggrieved may within five days after the receipt of notice of an adverse determination from the Commission request that the Commission reconsider its action. Plaintiff does not contend that she satisfied this requirement.

■ In the view of this Court plaintiff's delay in requesting reconsideration should not prove fatal to this action. First, her request was an effort to make maximum use of the administrative machinery available to her. Second, the delay was, in a sense, "cured" when the EEOC on its own motion granted reconsideration. Third and most important, the consensus of recent authority is that the jurisdictional hurdles in Title VII pertain only to the filing of charges with the Commission and the receipt of notice from the Commission concerning compliance. Dent v. St. Louis-San Francisco Ry. Co., 406 F.2d 399 (5th Cir.1969) (citing cases). The time limit for reconsideration is prescribed only by regulation and is not, all things considered, jurisdictional.[1]

Defendant's second contention regarding time limitations is that plaintiff was required to file her civil action within thirty days of the first notice from the Commission (July 27, 1967), and within 180 days of the alleged act of discrimination (January 22, 1967). Defendant urges that plaintiff, by filing her civil action on April 3, 1968, violated both requirements.

■ Defendant's claim with respect to commencing the civil action within thirty days of the first notice from the Commission is illogical. It would require all grievants to file a civil action in preference to reconsideration by the Commission. Since the usefulness of the Commission arises only as it has the opportunity to investigate and conciliate claims, this Court finds it inconsistent with the statutory scheme to require a grievant, after receipt of notice from the Commission, to file a civil action rather than request reconsideration.

■ Defendant's claim with respect to commencing the civil action within 180 days of the alleged act of discrimination has been rejected where, as here, the delay in going to court was occasioned by the time taken by the Commis-

---

1. Cf. 402 F.2d 357 (7th Cir. 1968) (Statutory requirement that charge be "under oath" relates only to administrative procedures and noncompliance is not fatal.)

sion in considering the grievance. Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7th Cir.1968). It would seem that the language of the statute indicating that civil suits are to be speedily filed is for the benefit of the grievant, and the choice of the grievant to allow the Commission additional time in which to fulfill the purpose of the statute and resolve the matter out of court should not bar the grievant from eventually filing a civil action. See 29 C.F.R. § 1601.25a.

### Commission Finding of No Reasonable Cause

The defendant's most serious challenge to plaintiff's civil action is the objection based on the finding of the Commission that reasonable cause did not exist to believe that defendant, in firing plaintiff, had committed a violation of Title VII. Defendant's objection rests on the particular wording of 42 U.S.C. § 2000e–5 governing the procedures to be followed for resolving grievances. The first step is the filing of a written charge with the Commission. Next, "[i]f the Commission shall determine, after * * * investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e–5(a). Following this, "[i]f * * * the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge * * * by the person claiming to be aggrieved * * *" 42 U.S.C. § 2000e–5(e).

Whether a plaintiff must be in strict compliance with these prescribed steps has troubled the courts and produced an array of holdings. The difficulty is created by the possibility that a plaintiff may have been the victim of an unlawful employment practice, 42 U.S.C. § 2000e–2, and yet receive no redress be-

cause he is unable to comply with the precise steps set forth in 42 U.S.C. § 2000e–5(e). In other words, such narrowing of the remedy for a person who may have been aggrieved appears inconsistent with the breadth of the right, and courts have labored in numerous ways to expand the remedy of an aggrieved person in order to logically harmonize it with the basic objective of the statute.

The predominant departure from the letter of the law has been the holding that a Commission attempt at conciliation is not a jurisdictional prerequisite to a civil suit. Dent v. St. Louis-San Francisco Ry. Co., 406 F.2d 399 (5th Cir.1969); Johnson v. Seaboard Air Line R. R., 405 F.2d 645 (4th Cir.1968); Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7th Cir.1968); Reese v. Atlantic Steel Co., 282 F.Supp. 905 (N.D. Ga.1967); Quarles v. Philip Morris, Inc., 271 F.Supp. 842 (E.D.Va.1967); Hall v. Werthan Bag Corp., 251 F.Supp. 184 (M.D.Tenn.1966). The premise underlying these decisions is that the only surely effective remedy under the Act is a civil suit by the aggrieved party. Courts refuse, therefore, to withhold relief pending the completion of informal efforts which depend solely on persuasion and whose duration and effectiveness are entirely beyond the control of the aggrieved. The courts have reasoned that the failures of the Commission should not operate to penalize an aggrieved party.

A second innovation, likewise occasioned by events not contemplated by the statute and justified on the above rationale, is the holding that a finding of reasonable cause is not a prerequisite to a civil suit. Miller v. International Paper Co., 408 F.2d 283 (5th Cir.1969); Cf. Edwards v. North American Rockwell Corp., 291 F.Supp. 199 (C.D.Cal. 1968). In Miller, supra, the Commission wrote the charging parties that it had not made a determination whether or not reasonable cause existed to believe the charges. The court permitted the charging parties to bring suit despite

the variance from the procedures outlined in 42 U.S.C. § 2000e–5(a) because the statutory scheme that finally emerged from Congress made the "courts * * * the exclusive source of enforcement power." *Miller, supra* 408 F.2d at 289. "The action or inaction of the EEOC," therefore, could not "affect the grievant's substantive rights under the statute." *Id.* at 291.

A third development, not anticipated by the statute but authorized by the courts, is a class action. In Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir.1968) the question was whether four Negro plaintiffs could file suit seeking injunctive relief against a corporation and two local unions on behalf of themselves and all present and prospective Negro employees as a class. The defendants argued that according to the statute only persons who had filed charges with the EEOC were permissible plaintiffs. The court disagreed, however, finding it wasteful to require numerous employees, all with the same grievance, to file *identical* charges for EEOC investigation and conciliation. The court noted that discrimination is by definition directed against a class. What would be found true of one charge, therefore, would be true of the others; and there would be no reason for different results from conciliation as to any of the charges. The court therefore held that a class action, complying with the requirements of Fed.R.Civ. Proc. 23(a), (b) (2), may be brought on charges previously filed by one plaintiff with the Commission. This holding has been followed in Miller v. International Paper Co., 408 F.2d 283 (5th Cir.1969) and in Jenkins v. United Gas Corp., 400 F.2d 28 (5th Cir.1968).

A fourth departure from the strict statutory provisions occurred in Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7th Cir.1968). The grievant filed unsworn charges with the Commission, in contravention of 42 U.S.C. § 2000e–5(a). The court refused to impose technical requirements on the average grievant on pain of forfeiting the claim, and, noting that the Commission had since resolved to allow amendments to cure technical defects, held that processing by the Commission of the defective charge constituted waiver by the Commission. The court did not treat the lack of an oath as a bar to civil suit, despite the clear language of the statute.

The examples just cited of judicial enlargement of the narrow path to the courthouse demonstrate that wise application of Title VII requires judicious filling of gaps in the statute. As the court in *Miller, supra,* indicated, drastic legislative changes, primarily shifting enforcement powers from the EEOC to the grievant, left us with a final product containing gaps so that "the question which is [now] raised on the statute never occurred to it." *Miller, supra,* 408 F.2d at 287, quoting Gray, The Nature and Sources of the Law § 370, at 165 (1948).

The instant case presents just such an unforeseen question. The plaintiff sues on a claim for which the Commission has twice indicated there is no reasonable cause. But the statute authorizes civil suit only if the requirement of reasonable cause, one of several requirements honored now in the breach rather than the observance, is satisfied. To determine whether this civil suit comes within the jurisdiction created for the district courts by Title VII of the Civil Rights Act, this Court must look to the logic of the entire legislative scheme and to the particular circumstances in which the Commission makes a finding of no reasonable cause.[2]

■■■ The prevailing fact concerning the protection of equal employment opportunities under Title VII of the Civil Right Act is that the Equal Employ-

---

2. The usual recourse to legislative history to resolve problems of statutory construction is in this case unavailing. The Congressional history of Title VII lends com-fort to both sides. Dent v. St. Louis-San Francisco Ry. Co., 406 F.2d 399, 403 (5th Cir. 1969).

ment Opportunities Commission, created by § 705 of the Act, has no legally binding power.

This fact is apparent on the face of the statute. Section 2000e–5(a) of 42 U.S.C. provides, for example, that nothing said or done during the Commission's efforts to conciliate a claim "may be * * * used as evidence in a subsequent proceeding." As a consequence, judicial proceedings are not an appeal from EEOC action, but constitute rather a trial de novo. King v. Georgia Power Co., 295 F.Supp. 943, 948–949 (N.D.Ga. 1968).

A second example of the lack of binding effect of EEOC actions on courts of law is found in 42 U.S.C. § 2000e–12(b). This subsection contemplates civil actions in which defendants will raise as a defense their reliance on EEOC opinions, interpretations, and instructions. Such reliance is deemed sufficient defense, even though the interpretation or opinion relied on "is determined by judicial authority to be invalid or of no legal effect," or even though the instruction "is determined by judicial authority not to be in conformity with the requirements of this subchapter." This statutory provision indicates Congress's awareness that Commission determinations, most significantly with regard to the requirements of Title VII, might be judicially overturned.

The proposition that EEOC determinations are not legally binding has received judicial affirmation. In American Newspaper Publishing Assoc. v. Alexander, 294 F.Supp. 1100 (D.D.C.1968), the plaintiff challenged the authority of the EEOC to issue a certain guideline governing sex classifications in job advertising. The court turned down plaintiff's attack on the guideline, but among its conclusions of law were the following:

1. "The Guideline is not a regulation having the force or effect of law."

2. "The Commission has no enforcement powers. In a suit alleging violation of § 704(b) the Guideline is not binding upon the Court but is evidence only of the Commission's interpretation of the statute. The Court is free to interpret the statute differently if it chooses to do so." 294 F.Supp. at 1103.

The court then determined that the guideline in question was a "reasonable interpretation of Section 704(b) of Title VII," and that the Commission had "not exceeded its authority in promulgating the Guideline." Id. Cf. United States by Clark v. H. K. Porter Co., 296 F.Supp. 40 (N.D.Ala.1968) (administrative finding of compliance not binding; court's duty is to measure compliance "solely within the framework of Title VII * * *" 296 F.Supp. at 57.)

The third and most forceful indication that a Commission determination is not binding on the judicial resolution of the grievant's charge is found in Cox v. United States Gypsum Co., 284 F.Supp. 74 (N.D.Ind.1968), aff'd as modified on other grounds, 409 F.2d 289 (7th Cir. 1969). Like the instant case, Cox involved charges of sex discrimination. In Cox the crucial issue for purposes of this case arose out of the defendant Gypsum's consent to the Commission's proposed conciliation agreement and the plaintiffs' rejection of that agreement. Gypsum contended that under 42 U.S.C. § 2000e–5(e), which provides only for cases in which the Commission is unable to obtain voluntary compliance, a civil action could not be brought because the Commission had obtained such compliance.

The court rejected the defendant's view.

If the Commission were allowed to reach an agreement with the respondent without the consent of the aggrieved party, there would be no way for the aggrieved party to have this decision reviewed. * * * The personal rights of the aggrieved party would be completely subject to the Commission. * * * To hold [that Commission proposals are binding on the charging party] would prevent effective protection of the individual

rights guaranteed by the Act. This Court finds that the Act does not prevent a private suit because an employer agrees to a proposal totally unacceptable to the charging party.

284 F.Supp. at 84. This holding and its supporting reasons were affirmed by the Court of Appeals. 409 F.2d 289.

The unavoidable thrust of the *Cox* holding is that a Commission determination of what constitutes compliance with 42 U.S.C. § 2000e et seq. is not binding on a grievant and does not bar the grievant from bringing a private suit if he disagrees with the Commission's determination. The *Cox* reasoning is consistent with the previously discussed statutory mandate that the private suit shall proceed de novo, and that Commission guidelines are not legally binding.

These examples indicate that a Commission determination may not comport with the requirements of Title VII, and that in such instances a court will ensure compliance with the Act. If it is possible for the Commission to depart from Title VII when it establishes guidelines or proposes conciliation agreements, this Court can find no reason why the Commission might not similarly stray in making a determination of reasonable cause. And if courts will correct erroneous Commission determinations when they take the form of guidelines or conciliation agreements, this Court can find no reason why it cannot correct an erroneous Commission determination when it takes the form of a finding of no reasonable cause. The question in each instance is whether a Commission determination adverse to those whose rights are established by Title VII can be judicially preclusive, and the answer in each case must be "no".

A contrary resolution of this question would vest the Commission with a final, legally effective authority not contemplated by the statute and inconsistent with Commission's expressly informal powers. Only by permitting plaintiff to bring a private suit despite a Commission finding of no reasonable cause can this Court give effect to the established principle that a grievant may not be prejudiced by any conduct of the Commission. Miller v. International Paper Co., 408 F.2d 283, 291 (5th Cir.1969); Dent v. St. Louis-San Francisco Ry. Co., 406 F.2d 399, 403 (5th Cir.1969); Choate v. Caterpillar Tractor Co., 402 F.2d 357, 361 (7th Cir.1968); Reese v. Atlantic Steel Co., 282 F.Supp. 905, 907 (N.D.Ga.1967). Only by permitting plaintiff to bring suit can this Court preserve the statutory scheme whereby the right to equal employment opportunity is to be secured by individuals, Johnson v. Seaboard Air Line R.R., 405 F.2d 645, 652 (4th Cir.1968), enforcing their rights in federal court. Miller v. International Paper Co., *supra*; Choate v. Caterpillar Tractor Co., *supra*; Jenkins v. United Gas Corp., 400 F.2d 28, 32 (5th Cir.1968). This Court agrees with the statement in Hall v. Werthan Bag Corp., 251 F.Supp. 184, 188 (M.D. Tenn.1966) that the requirement of giving the Commission an opportunity to evaluate and resolve a grievance "was not designed to serve as a screen to prevent frivolous complaints from reaching the courts." The screen which defendant asks this Court to erect would be particularly odious because it would impose a significant disadvantage solely on the class whose rights the statute was designed to protect, cf. Hunter v. Erickson, 393 U.S. 385, 392–393, 89 S.Ct. 557, 21 L.Ed.2d 616 (1969), and in so doing, would unduly elevate the opinions of an agency which "has no power to order the kind of relief necessary * * * to end entirely abuses of the sort alleged here." Glover v. St. Louis-San Francisco Ry. Co., 393 U.S. 324, 329, 89 S.Ct. 548, 551, 21 L.Ed.2d 519 (1969).

▮ For the foregoing reasons, this Court will take jurisdiction of the charge brought by plaintiff.[3]

---

3. Cf. Allen v. State Bd. of Elections, 393 U.S. 544, 554–557, 557 n. 23, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969). Like the Supreme Court in *Allen*, this Court considers it

*Summary Judgment*

Defendant has moved for summary judgment. By so doing, the defendant has placed upon the Court the obligation of determining whether there exists a "genuine issue as to any material fact * * *" Fed.R.Civ.Proc. 56(c). Defendant submitted the affidavit of Lawrence D. Gibson, employed by defendant as a Manager of Industrial Relations at the plant where plaintiff was employed. Claiming personal knowledge of the facts in the affidavit, Gibson states that plaintiff was terminated as an unsatisfactory employee and that she was informed by her supervisor of the reasons for her termination. Under Fed.R.Civ.Proc. 56(e), the burden is on plaintiff not to "rest upon the mere allegations or denials of" the pleadings, but to "set forth specific facts showing that there is a genuine issue for trial."

■ Plaintiff has failed to set forth the requisite facts. Plaintiff's attorney claims that plaintiff will prove that she was a satisfactory employee. The attorney also contends that upon completion of his discovery, he will put in issue the material facts in the Gibson affidavit. Unfortunately for plaintiff, absent a showing as provided in Fed.R.Civ.Proc. 56(f), a motion for summary judgment cuts short any future time for putting facts in issue. Plaintiff's inadequate response to the motion and her failure to comply with Rule 56(f), makes entry of summary judgment appropriate. Moreover, plaintiff's claim that she has "heretofore been hindered in her attempts at discovery by virtue of being all but destitute due to lack of employ-

ment, and a consequent lack of funds to retain counsel, pay reporters' and notarial fees, and general lack of knowledge and experience in a baffling and confusing area" is scarcely an effective response in light of the services she has received by an attorney appointed by a judge of this Court pursuant to 42 U.S. C. § 2000e–5(e).[4]

Therefore,

The Court having carefully reviewed the pleadings and affidavits on file in this cause, and having fully reviewed the law applicable thereto, and having found no genuine issue of fact to be submitted to the trial court,

It is ordered that summary judgment be entered for defendant and against plaintiff.

---

significant that the appropriate federal agency, in this case the EEOC, filed a brief as amicus curiae supporting plaintiff's capacity to sue to enforce a civil right.

4. Plaintiff's failure to make effective response to the motion for summary judgment is particularly significant when consideration is given to the fact that the motion for summary judgment was first made on September 17, 1968, granted on November 15, 1968, set aside on January

24, 1968, (with leave to reset the motion on twenty days notice) renoticed for hearing on February 17, 1969, and after briefing and argument submitted to the Court on May 19, 1969. During all this interval and up to the date of this order plaintiff failed to submit any affidavit in opposition to the motion and supporting affidavit of defendant and has failed otherwise to pursue such appropriate discovery as might entitle plaintiff to relief under the provisions of Fed.R.Civ.Proc. 56(f).