Leonidus FLOWERS, Individually and as a representative of a class, Plaintiff-Appellant,

v.

LOCAL NO. 6, LABORERS INTERNATIONAL UNION OF NORTH AMERICA (AFL–CIO), Chicago District Council Laborers International Union of North America (AFL–CIO), and Laborers International Union of North America (AFL–CIO), Defendants-Appellees.

No. 18060.

United States Court of Appeals, Seventh Circuit.

Aug. 12, 1970.

Joseph Minsky, Chicago, Ill., for plaintiff-appellant.

Philip B. Sklover, Stanley P. Hebert, Gen. Counsel, Russell Specter, Deputy Gen. Counsel, David R. Cashdan, Atty., Equal Employment Opportunity Commission, Washington, D. C., amicus curiae.

Lester Asher, Benjamin L. Jacobson, Marvin Gittler, Chicago, Ill., for defendants-appellees; Asher, Greenfield, Gubbins & Segall, Chicago, Ill., of counsel.

Before MAJOR, Senior Circuit Judge, KERNER, Circuit Judge; and ESCHBACH, District Judge.[1]

ESCHBACH, District Judge.

The sole question raised by this appeal is whether the district court has jurisdiction under Section 706(e), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e), to entertain employment discrimination actions even though the Equal Employment Opportunity Commission (EEOC) has determined that no reasonable cause exists to believe the charge is true. The court below concluded that it did not have jurisdiction because a determination of no reasonable cause by the EEOC precluded it from seeking voluntary compliance.[2] For the reasons discussed below, we disagree and reverse.

Although there have been several decisions on this issue, only two opinions have given a comprehensive analysis. Fekete v. United States Steel Corp., 424 F.2d 331 (3d Cir. April 13, 1970); Grimm v. Westinghouse Elec. Corp., 300 F.Supp. 984 (N.D.Cal. 1969). Because we concur generally in the reasoning of

1. Judge Jesse E. Eschbach is sitting by designation from the United States District Court for the Northern District of Indiana.

2. The opinion of the district court is reported in 61 CCH Lab.Cas. § 9358 (N.D. Ill. Sept. 12, 1969).

*Fekete* and *Grimm,* it is unnecessary to here repeat their extensive analysis.

## I. FACTS AND DECISION BELOW

On June 2, 1967, plaintiff-appellant Flowers filed a verified charge of discrimination against all defendant labor unions with the EEOC. On January 15, 1968, an investigator of the EEOC filed his final investigative report with the EEOC and recommended that the Commission find reasonable cause to believe that the unions discriminate in their referral of Negroes to construction jobs. However, the EEOC did not concur with the investigator and on January 17, 1969 entered its decision that "reasonable cause does not exist to believe the charge is true." On March 17, 1969, a copy of the Commission's decision was mailed to the plaintiff with a notice of his right to sue pursuant to Section 706(e) of Title VII, 42 U.S.C. § 2000e–5(e), within 30 days.

This suit was filed on April 15, 1969 within the statutory time period. Thereafter, defendants moved to dismiss the complaint on the ground that the Commission's determination of no reasonable cause precludes the plaintiff from seeking judicial relief under Title VII because the district court is without jurisdiction.

The court below was required to interpret the particular wording of Section 706, 42 U.S.C. § 2000e–5, which establishes the procedures to be followed in resolving charges of discrimination. The first step is the filing of a written charge with the EEOC. Next, "[i]f the Commission shall determine after * * * investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." *Id.* § 2000e–5(a). Following this, "[i]f * * * the Commission has been unable to obtain voluntary compliance with [Title VII], the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge * * * by the person claiming to be aggrieved, * * * *" *Id.* § 2000e–5(e).

The district court reasoned that a notice from the EEOC to the complainant of its inability to obtain voluntary compliance was a jurisdictional prerequisite for the commencement of a Title VII action in federal court. The determination of no reasonable cause by the EEOC precluded it from *seeking* voluntary compliance. Thus, the court concluded that an adverse determination by the EEOC prevented the fulfillment of this jurisdictional requirement. We disagree.[3]

## II. EEOC DETERMINATION OF NO REASONABLE CAUSE DOES NOT DEPRIVE DISTRICT COURT OF JURISDICTION

As has been well demonstrated, the question which is before this court is not answered by resort to the language of Title VII nor to the legislative history. E.g., Fekete v. United States Steel Corp., *supra,* 424 F.2d 331; Grimm v. Westinghouse Elec. Corp., *supra,* 300 F. Supp. at 988; McDonald v. Musicians, Local 10–208, 308 F.Supp. 664, 666–668 (N.D.Ill. 1970). *See, e.g.,* Miller v. International Paper Co., *supra,* 22 L.Ed.2d 451 n. 2, 408 F.2d at 289–290; Johnson v. Seaboard Air Line R. R., 405 F.2d 645, 649–653 (4th Cir. 1968), cert. denied, Pilot Freight Carriers Inc. v. Walker, 394 U.S. 918, 89 S.Ct. 1189, (1969). As discussed elsewhere,[4] Title VII was not

---

3. It should be noted that the EEOC, the administrative body charged with the investigation and conciliation of rights under Title VII, has appeared in this action as amicus curiae in support of appellant's position. *See* Allen v. State Bd. of Elections, 393 U.S. 544, 554–557, n.

23, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969); Miller v. International Paper Co., 408 F. 2d 283, 287 n. 18 (5th Cir. 1969).

4. *See e.g.,* BNA, Civil Rights Act of 1964 (1964); Berg, "Equal Employment Opportunity under Civil Rights Act of 1964," 31 Brooklyn L.Rev. 62 (1964);

enacted as originally proposed and debated but was quilted with amendments. Not surprisingly, therefore, Title VII contains gaps, and the question which is now before this court did not occur to Congress. Fekete v. United States Steel Co., *supra*; Grimm v. Westinghouse Elec. Corp., *supra*. *See* Miller v. International Paper Co., *supra*. There is no provision in Title VII which either describes the effect of a finding of no reasonable cause by the EEOC or, in those circumstances, defines the rights, if any, of a "person claiming to be aggrieved." In this situation, the court must look to the purposes of the legislation and other sources of statutory interpretation.

█ As noted above, this court generally concurs in the analysis of the *Fekete* and *Grimm* decisions. Briefly, those decisions reasoned that nonreviewability of administrative determinations is the exception to the general rule of judicial review and that the prior precedents supported jurisdiction even though the EEOC had found no reasonable cause. It has already been decided, for example, that an actual finding by the EEOC of reasonable cause is not a jurisdictional prerequisite,[5] that actual conciliation and efforts toward voluntary conciliation by EEOC are not required prior to initiation of the court action[6] and that the complainant may reject a final conciliation agreement between the EEOC and a defendant and prosecute a judicial action.[7]

As this circuit recognized in Cox v. United States Gypsum Co., *supra* n. 6, "[a]fter the expiration of sixty days [from the filing of the charge] * * *, the charging party *may* demand and obtain issuance of the [suit] notice, *whether or not the commission has made*

*any efforts at conciliation." Id.* at 291 n.4 (emphasis added). Thus, conciliation efforts by the EEOC are not jurisdictional prerequisites to a judicial action. We agree with *Grimm's* analysis of the import of our holding in *Cox* that the complainant may initiate suit even though he rejected the EEOC's conciliation agreement. The EEOC's determination of what does or would constitute compliance with Title VII is not conclusive or binding upon the complainant and does not bar the complainant from initiating judicial action if he disagrees with the Commission's determination of what does or would constitute compliance. Grimm v. Westinghouse Elec. Corp., *supra* 300 F.Supp. at 990. We are reinforced in our conclusion that *Fekete* and *Grimm* are correct decisions by the EEOC's own regulation, 29 C.F. R. § 1601.25a(b), which permits a complainant to obtain the required notice to file suit even if the Commission has determined no reasonable cause exists.[8] As the Court of Appeals for the Fifth Circuit recently observed:

"Normally, a suit letter will not issue until after the Commission has rendered a finding of probable cause and has failed at conciliation efforts. However, as recognized * * * in Miller v. International Paper Co. [*supra*] * * *, a charging party may request under Commission regulation 29 C.F.R. § 1601.25(a) [*sic*] a notice of the right to sue at any time after 60 days has elapsed from filing of a charge with the Commission. Thus, a charging party may obtain a notice letter prior to the issuance of a Commission determination of probable cause. Moreover, the Commission's Regulations allow for the issuance of

---

Vaas, "Title VII: Legislative History," 7 B.C. Ind. & Com.L.Rev. 431 (1966).

5. *E.g.*, Miller v. International Paper Co., *supra* n.2.

6. *E.g.*, Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7th Cir. 1968)

7. Cox v. United States Gypsum Co., 409 F.2d 289, 291 (7th Cir. 1969) (reh. de-

nied), rev'g on other grounds 284 F.Supp. 74, 84 (N.D.Ind. 1968).

8. Commission Regulation 29 C.F.R. § 1601.25a(b) has been approved by this court. *See* Cox v. United States Gypsum Co., *supra* 409 F.2d at 291 n. 4; Cunningham v. Litton Indus., 413 F.2d 887, 890–891 (9th Cir. 1969).

notice letters in cases where a finding of no probable cause is rendered. This flows from the fact that Commission conciliation efforts are not jurisdictional prerequisites to the institution of civil actions under Title VII. Miller v. International Paper Co., *supra*; [citations omitted]." Culpepper v. Reynolds Metals Co., 421 F.2d 888, 890 n. 2 (5th Cir. 1970) (dicta).

■ Notwithstanding the *Fekete* and *Grimm* decisions, defendants suggest that we should look to the National Labor Relations Act (NLRA) for guidance in answering the question before us. Just as there is no judicial review of the General Counsel's refusal to issue a complaint under the NLRA,[9] so also, defendants contend, there is no "judicial review" of the EEOC's determination of no reasonable cause. Defendants' position has two fatal defects: First, Title VII as enacted is not significantly patterned after the NLRA and the EEOC in important ways does not resemble the NLRB[10] and, second, judicial proceedings under Title VII do not "review" the determinations of the EEOC but are de novo proceedings.[11]

We concur in the conclusions of the Court of Appeals for the Third Circuit:

"We cannot accept the hypothesis that Congress intended to entrust the key to judicial relief with an agency given no power to direct the processing of the civil action in court.

"Unquestionably, the Commission's role is an important one, designed to encourage and to effect voluntary compliance with the provisions of the Act. But in this role of investigator and conciliator, the Commission is not the final arbiter of an individual's grievance. Under Title VII that function is vested solely in the courts. No power to issue penality, citation, or cease and desist orders has been vested in the Commission by Congress.

"In sum, we do not conceive the role of the Commission to be that of exclusive administrator of the Act. Although it is entrusted with important and sensitive responsibilities of investigation and conciliation, it was not intended by Congress to pre-empt the ultimate rights of the claimant, the person the Act was designed to protect. We therefore conclude that the ultimate decision whether the claim is real or fanciful must be for the courts, and not the Commission.

"We hold that the intention of Congress in Title VII was: first, to outlaw [discriminatory] employment practices * * * ; second, to require that 'a person claiming to be aggrieved' must first resort to the Commission's processes; third, to insure that if the Commission finds reasonable cause, it will attempt to effect voluntary compliance by the employer; fourth, to provide that once the 'person claiming to be aggrieved' satisfies the statutory requirement of affording the Commission the opportunity to perform its statutory function, he has the right to a judicial determination whether he has been a victim of a vio-

---

9. *E.g.*, N.L.R.B. v. Lewis, 310 F.2d 364, 366–367 (7th Cir. 1962).

10. Pettway v. American Cast Iron Pipe Co., 411 F.2d 998, 1006 (5th Cir. 1969) (reh. denied en banc). During the course of the adoption of Title VII, the EEOC was stripped of its powers of enforcement and the emphasis shifted toward the vindication of individual rights to equal employment opportunity and the burden of enforcement shifted from the EEOC to the person aggrieved. *See,* Johnson v. Seaboard Air Line R. R., *supra* 405 F.2d at 649–651; Jenkins v. United Gas Corp.,

400 F.2d 28, 30–32 (5th Cir. 1968) (reh. denied); Hall v. Werthan Bag Corp., 251 F.Supp. 184, 186–188 (M.D.Tenn. 1966); Berg, "Equal Employment Opportunity under Civil Rights Act of 1964," *supra* at 85–86; Comment, "Enforcement of Fair Employment under Civil Rights Act of 1964," 32 U.Chi.L. Rev. 430, 432–437 (1965).

11. Norman v. Missouri Pac. R. R., 414 F. 2d 73, 75 n. 2 (8th Cir. 1969); King v. Georgia Power Co., 295 F.Supp. 943, 948–949 (N.D.Ga.1968); 42 U.S.C. § 2000e–5(a).

lation." Fekete v. United States Steel Corp., *supra* 424 F.2d at 336 (footnotes omitted).

Accordingly, the judgment of the district court is reversed and the cause is remanded for further proceedings consistent with this opinion.