**Gyula FEKETE**

v.

**UNITED STATES STEEL COR-PORATION.**

Civ. A. No. 68–1351.

United States District Court
W. D. Pennsylvania.

June 11, 1969.

---◆---

Marjorie Hanson Matson, Pittsburgh, Pa., for plaintiff.

Leonard L. Scheinholtz, Jonathan L. Alder, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

Plaintiff files this action under Title VII of the Civil Rights Act of 1964

[42 U.S.C.A. § 2000e et seq.]. He alleges discrimination in employment because of his Hungarian national origin. He has been employed by defendant since November 1964 as a machinist. On October 21, 1967 he was dismissed from his employment, but filed a grievance under his union contract on October 25, 1967, alleging that he was discharged without just cause and also that management has discriminated against him. On July 18, 1968 he was reinstated with full pay after an arbitration decision. The basis of the arbitration decision in his favor, as shown on p. 13, par. 24 of the Award, was that it could not be concluded that he was sufficiently warned concerning the effects of his prior derelictions in such a manner as to put him on notice that he faced discharge by reason of further incidents. The arbitrator's award showed that plaintiff claimed many of the incidents leading up to his discharge were personal harassments, but the arbitrator's decision also showed that his employer made attempts to aid plaintiff, a recent emigrant from Hungary, by assigning a foreman, fluent in the Hungarian language, to talk with him in his native tongue.

While the arbitration proceeding was pending, on January 12, 1968 plaintiff filed a charge with the Equal Employment Opportunity Commission alleging that his discharge of October 21, 1967 was discriminatory because of his national origin. Under § 706 of the Civil Rights Act, the EEOC referred plaintiff's complaint to the Pennsylvania State Human Relations Commission which on May 21, 1968, after investigation and review, found that no probable cause exists for crediting the allegations of the complaint.

On September 30, 1968, after its own investigation, the EEOC issued a decision finding that there was no reasonable cause for believing that defendant was in violation of Title VII of the Civil Rights Act of 1964.

On November 21, 1968 plaintiff filed this action.

Defendant filed an Answer consisting of a general denial of the allegations, a denial of jurisdiction, and a denial that plaintiff has stated a claim under which relief can be granted. Defendant has now filed a Motion to Dismiss because the Complaint fails to state a claim upon which relief can be granted, and because the Court is without jurisdiction because both the Pennsylvania Human Relations Commission and the federal Equal Employment Opportunity Commission has found that there was no probable cause to believe that defendant has violated Title VII of the Civil Rights Act. The record contains the findings of the union contract arbitration, the decision of the Pennsylvania Human Relations Commission, and the decision and notice of the Equal Employment Opportunity Commission.

In the first instance the only specific relief authorized for an unlawful discharge under Title VII is reinstatement or rehiring, with or without back pay, [§ 706(g); 42 U.S.C.A. 2000e–5 (g).] Because plaintiff has already received reinstatement with full back pay, the claim of par. 6 of the Complaint based on the discharge is moot and will be herewith dismissed. Plaintiff's complaint, however, contains unspecified allegations that both before and after his dismissal defendant, through its supervisory personnel, has discriminated against him because of his national origin in respect to his compensation, terms, conditions and privileges of his employment. He asks injunctive relief against this.

With respect to his discharge, plaintiff elected his remedy by proceeding under the union contract grievance procedure. He did not wait for the determination of his grievance arbitration before filing his charge with the EEOC, but he received his specific remedy under the Act by reinstatement and back pay through the arbitration award, which preceded the filing of this suit. We believe that this would be a bar to any cause of action based on the dismissal.

"It is the belief of the Court that an employee has the right to come before

the Court and assert his claim under the Civil Rights Act of 1964, without regard to any contractual remedies also available to him. However, it is also the belief of the Court that the employee should not be permitted to proceed on the same allegedly wrongful incidents both in the Court and pursuant to his contractual remedies." Bowe v. Colgate-Palmolive Co., 272 F. Supp. 332 [S.D.Ind.1967]. (pp. 337–338)

Nevertheless, despite the conclusion that plaintiff is entitled to no relief for the discharge because he has already received the total specific relief authorized for such a violation by his election of remedies, plaintiff still contends that he has suffered from other violations of the act through discrimination because of his national origin. What these discriminatory practices are we do not know, but plaintiff asks that we enjoin defendant from engaging in them.

Defendant contends that the Court is without jurisdiction because Title VII of the Act, § 706(e) 42 U.S.C.A. 2000e–5 (e), being the enforcement provisions, does not authorize an individual aggrieved party to file a civil action in the United States District Court unless the Equal Employment Opportunity Commission has found probable cause to believe the complaint and has notified the aggrieved person that it has been unable to secure voluntary compliance. No such notice was given here. On the contrary, both the Pennsylvania Human Relations Commission and the EEOC found no probable cause to believe that defendant was in violation of the Act, and so notified him.

A great deal of Congressional debate has been cited to this court by both parties to support their construction of this section. We find the debate somewhat confusing, because the bill was extensively amended and revised before final passage. "The legislative history is no more helpful because the act was repeatedly amended without extensive consideration." Cox v. United States Gypsum Co., 284 F.Supp. 74 [N.D.Ind.

1968]. "As a matter of fact, the Congressional Committee reports and floor debates lend great comfort to both sides." Dent v. St. Louis-San Francisco Ry. Co., 406 F.2d 399 [5th Cir., 1969].

One thing we do gather from the debates is a sense of disappointment of the original sponsors of the bill that the enforcement provisions originally provided were diluted or removed, particularly the provision of the original Sec. 707(c) which provided that an individual could bring a civil action whether or not the EEOC had found probable cause, but only on the written permission of one member of the EEOC. This was removed in the final version and replaced by the present Sec. 706(e). The obvious intent of the amendment was to require a finding of probable cause.

Section 706(e) is a provision giving jurisdiction to the courts, and Sec. 706 (f) specifies the venue of such actions in the United States District Courts. The United States District Courts are courts of limited jurisdiction; they may exercise only the jurisdiction conferred upon them by Congress. Furthermore, statutes conferring jurisdiction should be strictly construed.

We do not find the need for recourse to legislative history in our interpretation of § 706(e) because the plain words of the Act indicate no ambiguity. A civil suit may be brought by an aggrieved party within thirty days after notice from the EEOC that it has been unable to obtain voluntary compliance with the Act, after an investigation and a finding of probable cause. If the EEOC has found no reasonable cause to exist to believe that there is a violation then there is no logical possibility that it can give the notice required by the statute.

We have noted those cases which have made a distinction between actions where a demand for damages or reinstatement was dismissed because of failure of the aggrieved party to pursue the administrative process and those claiming injunctive relief, where no such requirement was imposed. Bowe v. Colgate-Palmolive Co., 272 F.Supp. 332 [S.D.Ind. 1967]; Hall v. Werthan Bag Corp., 251

F.Supp. 184 [M.D.Tenn.1966]. In those cases the finding of reasonable cause was held to be a jurisdictional prerequisite to an action for reinstatement or back wages, but not for an action for injunctive relief.

Nevertheless in both the *Bowe* case and the *Hall* case the Commission did find probable cause with respect to those plaintiffs who had filed charges. Thus in Hall v. Werthan Bag Corp., supra, the Court found:

> "In regard to the injunctive relief sought in this case, therefore, the purpose of the requirement of resort to the Commission has already been served. In regard to whatever back pay or reinstatement which might be sought as ancillary relief, however, the purpose of the administrative remedies requirement has been satisfied only as to Robert Hall."

The holding of the case was that insofar as the action was brought as a class action under Fed.R. of Civ.P. 23(a) to secure injunctive relief it was not necessary that all members of the class have resorted to the EEOC when the plaintiff Hall had done so and had received notice of a finding from the EEOC that there was probable cause to believe that the allegations of discrimination were true.

Similarly in Bowe v. Colgate-Palmolive Company, supra, the action was brought as a class action, some of the plaintiffs having filed charges with the EEOC and having received notice of probable cause, some not having charged. The court held the class action appropriate only as to the injunctive relief sought, but in view of the evidence, dismissed it. As to the non-charging parties, the court found that the filing of charges and the receipt from the EEOC of a certificate of probable cause were prerequisites to a right to maintain an action for violation of Title VII of the Civil Rights Act of 1964, and dismissed their complaints.

We have no class action here for injunctive relief by a party who has satisfied the administrative requirement. We have an action for individual relief by a party who has not satisfied the administrative requirement and whose claim for specific relief by way of reinstatement or back pay is moot.

We have also read those cases which have allowed the action despite the lack of the statutory notice of failure of conciliation when the lack of notice was due to the administrative failure of the Commission to pursue conciliation. Mondy v. Crown Zellerbach Corp., 271 F.Supp. 258 [E.D.La., 1967]; Choate v. Caterpillar Tractor Co., 402 F.2d 357 [7th Cir. 1968]. In both cases the EEOC did make a finding of probable cause but went beyond the time limits in its attempt to effect conciliation.

Nevertheless, in the instant case there has been no inaction or undue delay in the administrative process. We have found no cases in which the Commission has been entirely bypassed by filing in the District Court. We have been advised of no case and have found none where an action has been permitted after the EEOC has made a finding of no reasonable cause to believe that a violation exists. Nor do we find any authority in the Civil Rights Act of 1964 giving any jurisdiction to the United States District Courts to review the decision of the EEOC as to the existence of probable cause. Rather we see the statutory plan to be exactly as stated in the Act. Whenever a charge of violation of the Act is made the Commission shall make an investigation. If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate such alleged unlawful employment practices by conference, conciliation, and persuasion. If the Commission is unable to secure voluntary compliance it shall notify the person aggrieved that it has been unable to secure voluntary compliance. Thereafter, the person aggrieved may commence a civil action.

We find no grounds for plaintiff, whose complaint has been found without probable cause to support it by the Commission, after proper and timely reference, investigation and decision by

the Commission, to maintain an individual action for injunctive relief. His action for damages and reinstatement would also be barred by the failure to secure the administrative finding, if it were not otherwise barred as moot by his prior election of remedies and his receipt of full back pay and reinstatement as a result thereof.

■ Plaintiff has argued that an administrative interpretation of the Act is afforded by the notice sent him by the EEOC. When plaintiff was notified that the EEOC found no probable cause, the letter of notification of a finding of no probable cause informed him that if he wished to file suit in the United States District Court he must do so within thirty days. Enclosed with this was a form letter entitled "Notice of Right to Sue Within 30 days." The relation of the form letter to the administrative decision is not indicated. We know of no statutory or administrative authority for such a letter in the circumstances of plaintiff's case, and we can hardly consider this unexplained standard form as an administrative interpretation of the Act.

Defendant's Motion to Dismiss will be granted.