Charlie **BUTLER** a/k/a Charles Butler and Curtis Bush, Individually and as Representatives of a Class, Plaintiffs,

v.

**LOCAL NO. 4 AND LOCAL NO. 269, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA (AFL-CIO) and District Council of Chicago and Vicinity of the Laborers' International Union of North America, Defendants.**

No. 69 C 432.

United States District Court
N. D. Illinois, E. D.
Oct. 9, 1969.

Joseph Minsky, Chicago, Ill., for plaintiffs.

Daniel Steiner, Gen. Counsel, Russell Specter, Asst. Gen. Counsel, Philip B. Sklover, Atty., Washington, D. C., Thomas A. Foran, U. S. Atty., amicus curiae for Equal Employment Opportunity Commission.

Marvin Gittler, Asher, Greenfield, Gubbins & Segall, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

NAPOLI, District Judge.

This action was brought by the plaintiffs under section 706(e), Title VII, of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e). The complaint alleges that defendant locals, of which the plaintiffs are members respectively, and their District Council are guilty of unlawful employment practices against the plantiffs and other Negro members of the union. They seek to maintain this suit as a class action on behalf of themselves and all other Negro members of the defendant locals and all other locals which are members of the defendant District Council. The District Council has moved for summary judgment for lack of jurisdiction. The defendant Locals have moved to dismiss because of the absence of indispensible parties. In the alternative the locals have moved for an order prohibiting the maintenance of a class action and have moved to strike portions of the plaintiffs' complaint. The Equal Employment Opportunity Commission has filed a brief as amicus curiae in opposition to defendants' motions. All defendants have moved to strike certain por-

tions of the Commission's brief and affidavits filed by the plaintiffs. The District Council's motion for summary judgment will be treated as a motion to dismiss.

Butler, a member of Local 4 of the Laborers' International Union of North America, and Bush, a member of Local 269 of the same union, each filed verified charges of discrimination with the Equal Employment Opportunity Commission against their respective locals. After deferment to the State of Illinois Fair Employment Practices Commission pursuant to 42 U.S.C. § 2000e–5(b–d), the Equal Employment Opportunity Commission began an investigation of the charges and subsequently notified the plaintiffs, in accordance with 42 U.S.C. § 2000e–5(e), that a civil action could be brought within thirty days against the respondents named in the charge. The plaintiffs then filed this action against their locals and the District Council.

## JURISDICTION

In support of its motion to dismiss, the council contends that the statute authorizing an action in the District Court makes it a jurisdictional prerequisite that any party sought to be sued must have been a respondent in the charge brought before the Commission. It is argued that since the District Council was not charged before the Commission it can not be sued here. The section in question, 42 U.S.C. § 2000e–5(e), provides in part:

> If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) of this section * * *, the Commisson has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge * * *.

This language has consistently been held to make the naming of a respondent in a charge before the Commission a ju-

risdictional prerequisite to a civil action against that party under Title VII of the Civil Rights Act. Mickel v. South Carolina State Employment Service, 377 F.2d 239 (4th Cir. 1967); Sokolowski v. Swift & Co., 286 F.Supp. 775, 782 (D.C.Minn. 1968); Cox v. United States Gypsum Co., 284 F.Supp. 74, 76 (N.D.Ind.1968), aff'd 409 F.2d 289 (7th Cir. 1969); Mondy v. Crown Zellerbach Corp., 271 F.Supp. 258, 266 (E.D.La.1967). There is, however, language in some of these cases indicating that the rule need not be strictly applied where there exists between the defendants, one of whom was not charged before the Commission, an agency relationship by which a common enterprise of discrimination is being carried out. Taylor v. Armco Steel Corp., C.A. 68–H–129 (S.D.Tex. June 9, 1969), so held. This construction of the statute was expressed in Sokolowski v. Swift & Co., *supra* 286 F.Supp. at 782.

The rationale of the above-cited cases seems to be that in the absence of allegations in the complaint, and later supported by evidence, that something in the nature of an agency relationship exists whereby one party is carrying out the plan of another to effect a discriminatory employment practice, each defendant must be named in the charge before the Commission in order that suit later may be brought against such person. The allegation in the complaint in *Sokolowski, et al* consisting only of the simple statement that the Local and the International are "affiliated" falls far short of such requirement.

The plaintiffs urge that *Armco Steel* and the dicta in *Sokolowski* should be followed and that the relationship between the defendants here is sufficiently close and their activities sufficiently dependent that technical compliance with the statute should not be required. The District Council is composed of delegates from each of the union's locals in the Chicago area. These delegates in turn elect the officers of the Council which bargains for and binds the locals to agreements with the employers in the

industry. The plaintiffs rely on the functional connection between the locals and the District Council and affidavits of the plaintiffs and other members of the locals, indicating that members of the District Council have in the past exercised influence and control over the locals.

█ It is the opinion of this Court that the District Council's motion to dismiss must be granted. The language of the statute is clear and unequivocal that a party must be a respondent before the EEOC before he may be sued under Title VII. In Bowe v. Colgate-Palmolive Co., 416 F.2d 711 (7th Cir. 1969), the Court stated:

It is a jurisdictional prerequisite to the filing of a suit under Title VII that a charge be filed with the EEOC against the party sought to be sued. 42 U.S.C. § 2000e–5(e). This provision serves two important purposes. First, it notifies the charged party of the asserted violation. Secondly, it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law. While we believe that the Union was not entirely blameless in permitting discrimination to exist and could have worked harder to eliminate the residual and continuing effects of the blatant prior discrimination, it is undisputed that at no time was the Union ever charged before the EEOC as a party in violation of Title VII. Accordingly, the Union cannot be held liable for any damages resulting from discrimination and the trial court's determination in favor of the Union is affirmed.

█ It is the position of the plaintiffs and the holding of Taylor v. Armco Steel Corp., *supra,* that the statute's definition of labor organization to include any agent of such organization, 42 U.S.C. § 2000e(d), extends jurisdiction in this Court to any agent of a party charged before the Commission. This Court does not agree. Defining a labor organization to include its agents delineates the scope of application of the sections of Title VII prohibiting unlawful employment practices. It does not suggest that the term "respondent" as used in 42 U.S.C. § 2000e–5(e) has the same meaning. According to the definition, the activities of agents of labor organizations are subject to the provisions of Title VII. However, the charging of one before EEOC does not make a respondent of the other.

The situation may be different where there is substantial identity between the parties but that is not the case here. The plaintiffs have submitted affidavits which relate incidents suggesting that members of the District Council have exercised influence over the locals. These affidavits, however, do not establish an identity of parties or a coextensive plan of discrimination that would warrant disregard for the literal meaning of the statute.

## INDISPENSIBLE PARTIES

█ The defendant locals have moved to dismiss the complaint on the ground that the plaintiffs have failed to join indispensible parties under Rule 19 of the Federal Rules of Civil Procedure. It is argued that this action can not proceed without the District Council, the other affiliated locals and representatives of the employers' associations, all of whom are parties to or affected by collective bargaining agreements entered into by the District Council on behalf of the union. This argument is without merit because it misconceives the nature of the remedy sought by the plaintiffs. The plaintiffs seek an injunction against unlawful employment practices by the defendants and damages for themselves and the class they seek to represent resulting from past discrimination. In addition, they ask this Court, either directly or through a special master, to oversee the establishment of a non-discriminatory hiring and referral procedure.

Rule 19 of the Federal Rules of Civil Procedure governs the joinder of per-

sons needed for a just adjudication. The rule states in part:

(a) Person to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

The essence of the alleged discrimination is that the officials of the defendant locals have not made referrals and have not made known information concerning job opportunities on an equal basis. Each of the collective bargaining agreements that have been filed here as exhibits specifically excludes the use of hiring halls by the union. Hiring is to be done by the employer on the job site. The plaintiffs contend that they have been denied employment in that the locals have supplied the employer with lists of persons to be employed, excluding the plaintiffs' names, and have failed to inform the plaintiffs as to where good jobs are available. In addition they charge that the union has discriminated in the appointment of stewards, who have an advantage in the event of a lay-off or overtime, and foremen who receive a premium wage.

Although the complaint does refer to the collective bargaining agreement in paragraph three, the reference is ambiguous and the plaintiffs have made it clear they do not wish to change any provision of the agreement and do not consider it discriminatory in itself. What is alleged is that the defendants have discriminated on the basis of race in the performance of their duties to their members under the bargaining agreement. Contrary to the defendants' assertion the plaintiffs do not seek the creation of a hiring hall in violation of the contracts but rather they allege the existence of a de facto hiring hall by which the locals have referred their members and provided employment information on an unequal basis.

If, at a trial on the merits, the plaintiffs should prove their case, an order directed at the defendant locals could provide complete relief. In addition such an order could be shaped in such a manner as to leave unaffected the rights or interests of all parties to the collective bargaining agreements. Since it is clear that no person described in Rule 19(a) is not presently before the Court, the motion of the defendant locals to dismiss will be denied.

CLASS ACTION

The plaintiffs have brought this action on behalf of themselves and all other Negro members of their locals and all other locals affiliated with the District Council. It is alleged that there are approximately 300 Negro members of Local 4, approximately 340 Negro members of Local 269 and a total of approximately 11,000 Negro members of all of the affiliated locals. The defendants object to the maintenance of a class action again asserting the absence of indispensible parties.

It is obvious that a class action can not be maintained on behalf of all Negro members of all the locals affiliated with the District Council. The only defendants properly before the Court are Local 4 and Local 269. An order of this Court directed to those two defendants could not be effective to eliminate discrimination in other locals or to compensate members of other locals for past discrimination carried out by persons not before the Court. There is no allegation that either of these two defendants have been responsible for any alleged discrimination occurring in other locals. Therefore the maintenance of an action on behalf of the large class,

all Negro members of all affiliated locals, must be denied.

That difficulty does not exist with respect to classes including only the Negro members of the two defendants. The complaint alleges that these defendants have been guilty of unfair employment practices toward a racially defined group of their members. Under the facts alleged it would be possible for this Court to fashion appropriate relief which would in no way affect the provisions of the collective bargaining agreements or persons not party to this action.

The prerequisites to a class action are stated in Rule 23(a) of the Federal Rules of Civil Procedure.

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

The first requirement is met by the fact that the two classes of plaintiffs here contain 300 and 340 members respectively. Secondly, all the persons sought to be represented are Negro members of the respective locals and the existence of a plan of discrimination and its effectuation are questions common to all members. The claims of the plaintiffs here are necessarily typical of the class and, finally, the representatives have a vested interest in the elimination of the wrong which they allege, and no question has been raised as to the technical competence of the plaintiffs' counsel.

In addition to the presence of these prerequisites, it is also apparent that the alleged conduct of the defendants has been on grounds generally applicable to the class which would make injunctive relief appropriate to the class

as a whole as provided in Rule 23(b) (2). Therefore, in accordance with section (c) (3) of the same rule, any judgment in this action must include all of those described below as members of the classes.

Class actions have been consistently upheld under Title VII of the Civil Rights Act. Bowe v. Colgate-Palmolive Co., 416 F.2d 711 (7th Cir. 1969); Jenkins v. United Gas Corp., 400 F.2d 28 (5th Cir. 1968); Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968). Indeed, as was stated in *Bowe:*

> A suit for violation of Title VII is necessarily a class action as the evil sought to be ended is discrimination on the basis of a class characteristic, *i. e.,* race, sex, religion or national origin.

■ The defendants' contentions that each member of the class must have filed a charge before the EEOC before he may be included in the class and that a class action may be maintained for injunctive relief only and not for damages are without merit. Bowe v. Colgate-Palmolive Co., *supra.*

■ Therefore it is the opinion of this Court that the named plaintiffs may maintain this action on behalf of themselves and as representatives of the class of which each is a member. Since the representative must be a member of the class, it is necessary that there be two classes, each made up of the Negro members of one of the defendant locals and each represented by the named plaintiff who is a member of that local.

## MOTIONS TO STRIKE

The defendants have moved to strike from Count I, paragraph 2, of the complaint the finding of the Equal Employment Opportunity Commission on the charges filed by the plaintiffs. It is contended that the finding is immaterial and prejudicial. In addition, the defendants have moved to strike all of the affidavits filed by the plaintiffs in opposition to the defendants' motions, portions of the amicus brief filed by the

EEOC and the plaintiffs have moved to strike certain affidavits filed by the defendants.

 The motion to strike the portion of the complaint referred to above will be granted. The finding of the Commission quoted in the complaint is not necessary to establish the jurisdiction of this Court.

All other motions to strike will be denied. Motions to strike are not favored under the Federal Rules and the number of such motions filed in this case is simply having the effect of clouding important issues. The motion to strike provided for in Rule 12(f) refers to matter contained in the pleadings and not to matter contained in briefs. As far as the affidavits in this case are concerned, the Court is well aware of which statements are admissible in evidence and which are not and they have been treated accordingly.