Laney McDONALD, Alonzo Smith, Adam Lambert, King Fleming, Alan Lane, Charles Walton and Frank Derrick, Jr., Plaintiffs,

v.

AMERICAN FEDERATION OF MUSICIANS OF the UNITED STATES OF AMERICA AND CANADA, AFL–CIO, Chicago Federation of Musicians, Local 10–208, American Federation of Musicians of the United States of America and Canada, AFL–CIO, and H. Leo Nye, Defendants.

No. 69 C 1351.

United States District Court
N. D. Illinois, E. D.

Jan. 13, 1970.

Larence M. Cohen, Stephen C. Hirsch, Lederer, Barnhill & Fox, Chicago, Ill., for plaintiffs.

Asher, Greenfield, Gubbins & Segall, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

NAPOLI, District Judge.

This action was brought by the plaintiffs, all members of Local 10–208 of the Chicago Federation of Musicians, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The defendants are the international union, the plaintiffs' local and the recording secretary of the local. Each of the defendants has moved for dismissal or for summary judgment. The Equal Employment Opportunity Commission has filed an *amicus curiae* brief in support of the plaintiffs.

Prior to the enactment of the Civil Rights Act of 1964 the defendant American Federation of Musicians (hereinafter referred to as AFM) maintained two affiliate locals in Chicago, the Chicago Federation of Musicians, Local 10 and Musicians Protective Union, Local 208. Local 10 was composed predominantly of Caucasians and Local 208 was made up exclusively of Negroes. In 1963, some of the members of Local 208, including the plaintiffs, attempted to transfer to Local 10 in order to take advantage of better job opportunities availa-

ble through that local. Transfer was permitted in accordance with the by-laws of the two locals and the international, however, a $100 transfer fee was assessed against any member of Local 208 wishing to join Local 10. Each of the plaintiffs paid the transfer fee on the condition that if the two locals eventually merged the assessment would be refunded. The right to the refund depended upon the plaintiffs remaining in good standing with both locals, thus requiring them to pay dues to both.

In January, 1966, the two locals merged to form Local 10–208 and all Negro members of the former Local 208 became members of the new organization without the payment of any fee. The plaintiffs petitioned for the return of their transfer fee and on August 25, 1966, the Board of Directors of Local 10–208 voted to make the refund which was accomplished shortly thereafter. However the former president of Local 208 appealed the decision to the AFM. Contrary to the constitution and by-laws of both the local and the AFM, the plaintiffs were not given notice of the appeal, and on January 20, 1967, the AFM reversed the Board of Directors. A letter from the AFM to H. Leo Nye, Recording Secretary of the local, advised him of the action on the appeal and directed him to inform the international when the money had been recollected from each of the plaintiffs. Nye conveyed a copy of this letter to the plaintiffs requesting that they comply with its instructions. After repaying the fee under protest, the plaintiffs filed a charge against AFM and their local with the Equal Employment Opportunity Commission (hereinafter referred to as EEOC). The inability of the EEOC to resolve the dispute resulted in this lawsuit.

Local 10–208 has moved to dismiss or for summary judgment on the ground that the EEOC did not find reasonable cause to believe that it had violated Title VII of the Civil Rights Act. It is argued that a finding of reasonable cause by the EEOC is a jurisdictional

prerequisite to filing of an action in this Court. There is considerable disagreement as to whether reasonable cause was found and whether it was or was not is far from clear. The EEOC's written memorandum of decision states under the heading of "Summary of Investigation":

> Since the merger materialized after the effective date of Title VII (July 2, 1965), Local 10's continuing refusal to return the money as required by the contract places it in violation of the Act.

In the same document, under the heading of "Decision", the EEOC concluded:

> Reasonable cause does not exist to believe that Respondent Chicago Federation of Musicians Local 10–208 has violated Title VII of the Civil Rights Act as charged.

The affidavit of Elmer W. McLain, Regional Director of the Equal Employment Opportunity Commission of Chicago, Illinois, filed on behalf of the defendant local, authenticates the document of decision finding no reasonable cause with respect to the local and further states that because of this decision no conciliation efforts were or could be undertaken. Local 10–208 also points out that the caption of the right to sue letter sent to the plaintiffs contained only the International and not the local.

The plaintiffs have filed an affidavit of the same Elmer W. McLain which again authenticates the EEOC's document of decision and which specifically refers to the portion already quoted indicating that Local 10–208 was in violation of Title VII. The affidavit also states that the decision of "no reasonable cause" as to the local "was limited solely to the Local's failure to notify the charging parties of an appeal to the International." The latter statement is to some extent substantiated by a document which specifies the date on which the EEOC's decision would become official. After naming the charging parties and the respondents the following conclu-

sions appear: "(Local: No Cause/race-failure to notify of appeal to International) (International: Cause/race-ordering repayment of membership fee)."

In addition to arguing that reasonable cause was found with respect to Local 10–208, the plaintiffs and the EEOC maintain the question is irrelevant since a charging party has the right to sue in the United States District Court irrespective of the findings of the EEOC.

■ The wording of the jurisdictional statute, 42 U.S.C. § 2000e–5(e), is of little assistance in resolving this question.

> If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) of this section * * * the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge * * *.

The cases decided under this section have consistently held that an actual conciliation effort by the Commission is not a jurisdictional prerequisite. Miller v. International Paper Co., 408 F.2d 283, 288–291 (5th Cir. 1969); Johnson v. Seaboard Air Line R. R., 405 F.2d 645 (4th Cir. 1968); Choate v. Caterpillar Tractor Co., 402 F.2d 357, 361 (7th Cir. 1968); Sokolowski v. Swift & Co., 286 F.Supp. 775 (D.C.Minn.1968); Mondy v. Crown Zellerbach Corp., 271 F.Supp. 258 (E.D.La.1967), rev'd on other grounds sub nom. Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968); Moody v. Albemarle Paper Co., 271 F. Supp. 27 (E.D.N.C.1967); Evenson v. Northwest Airlines, 268 F.Supp. 29 (E. D.Va.1967). The only requirements are that the plaintiff file a charge with the EEOC, receive statutory notice that the EEOC has been unable to obtain voluntary compliance with the Act and then bring an action under section 706(e)

within thirty days of receipt of the notice. Choate v. Caterpillar Tractor Co., *supra*; Mondy v. Crown Zellerbach Corp., *supra*. However, a charging party has the right, under the regulations, to obtain from the EEOC notice of the right to sue after sixty days has elapsed from the time the charge was filed, regardless of any action or inaction by the Commission. The pertinent regulation, 29 C.F.R. § 1601.25a, provides in part:

(b) Notwithstanding the provisions of paragraph (a) of this section, the Commission shall not issue a notice pursuant to § 1601.25 [Notice to respondent and aggrieved person] prior to a determination under § 1601.19 [Determination as to reasonable cause] or, where reasonable cause has been found, prior to efforts at conciliation with respondent, except that the charging party or the respondent may upon the expiration of 60 days after the filing of the charge or at any time thereafter demand in writing that such notice issue, and the Commission shall promptly issue such notice to all parties.

It is clear, therefore, that although the jurisdictional requirements are stated in terms of inability to obtain voluntary compliance, the actual effort in that direction is unnecessary. Clearly, the same is true of a finding of reasonable cause where sixty days has past since the filing of the charge. Miller v. International Paper Co., *supra*, 408 F.2d at 288; 29 C.F.R. § 1601.25a. The notice served by the EEOC is merely a necessary formality and the real question is whether the finding of no reasonable cause precludes the filing of a civil action.[1]

The cases called to our attention dealing directly with this point are in conflict. Grimm v. Westinghouse Electric Corp., 300 F.Supp. 984 (N.D.Cal.1969); Noon v. Kaiser Steel Corp., No. 69–288–EC, (C.D.Cal. August 20, 1969); Robinson v. P. Lorillard Co., No. C–141–G–66 (M.D.N.C. January 26, 1967); Aiken v. New York Times, No. 69 C 548 (S.D.N.Y. May 27, 1969). Contra, Flowers v. Local No. 6, 69 C 819 (N.D.Ill. September 12, 1969); Fekete v. United States Steel Corp., 300 F.Supp. 22 (W.D.Pa.1969); David v. Boeing Co., 90 L.C. ¶ 9312 (W.D.Wash.1969). The legislative history with respect to this question is also conflicting and of no assistance.[2]

1. Since the Equal Employment Opportunity Commission takes the position that a no cause finding does not bar suit, the notice of the right to sue is presumably issued as a matter of course in all cases. This Court is aware of at least five cases in which statutory notice to the charging party followed a finding of no reasonable cause. Hall v. Automatic Electric Co., 69 C 842 (N.D.Ill. September 12, 1969) (dismissed on plaintiff's motion.); Flowers v. Local No. 6, 69 C 819 (N.D. Ill. September 12, 1969). Fekete v. United States Steel Corp., 300 F.Supp. 22 (W.D.Pa.1969); Davis v. Boeing Co., 90 L.C. ¶ 9312 (W.D.Wash.1969). Grimm v. Westinghouse Electric Corp., 300 F. Supp. 984 (N.D.Cal.1969).

2. For example Senator Sam J. Ervin made the following statement.
* * * [T]he Commission holds the key to the courthouse door, which cannot be unlocked for the aggrieved party's benefit unless the Commission finds that there is reasonable cause to believe the employer guilty of the charge of discrimination and fails to adjust the complaint by conciliation. 110 Cong.Rec. 14188 (June 17, 1964).

On the same day Senator Jacob Javits stated:
* * * [T]he Commission does not have to find that the complaint is a valid one before the complainant individually can sue or before the Attorney General can bring a suit to establish a pattern or practice of discrimination. The Commission may find the claim invalid; yet the complainant can still sue, and so may the Attorney General, if he finds reasonable cause for doing so. In short, the Commission does not hold the key to the courthouse door. The only thing this title gives the Commission is time in which to find that there has been a violation and time in which to seek conciliation.
* * * * * *
But * * * that is not a condition precedent to the action of taking the

In the absence of clear statutory language to the contrary or discernable legislative intent, four factors have led this Court to the conclusion that this action should be allowed against Local 10–208. First, the EEOC has filed an amicus brief in support of the plaintiffs and strenuously urged the plaintiffs' position regarding all of the issues raised here. In reference to the weight to be given the opinion of an administrative agency the Supreme Court stated in Udall v. Tallman (1965), 380 U.S. 1 at page 16, 85 S.Ct. 792, at page 801, 13 L.Ed.2d 616:

> When faced with a problem of statutory construction, this Court shows great deference to the interpretation given the statute by the officers or agency charged with its administration. "To sustain the Commission's application of this statutory term, we need not find that its construction is the only reasonable one or even that it is the result we would have reached had the question arisen in the first instance in judicial proceedings." (Citations omitted)

The strength of this doctrine may not be as great where the question deals with the jurisdiction of this Court but the fact remains that in its effectuation of the provisions of the Civil Rights Act the EEOC does not consider its determination of reasonable cause finally dispositive. In addition, as will be seen below, a contrary interpretation would place in the hands of the EEOC an even greater control over the jurisdiction of the Court. It is the opinion of this Court that the Commission's construction of the statute is a reasonable one.

Secondly, a holding that failure of the EEOC to find reasonable cause precludes a civil action under the statute would create an unfortunate jurisdiction situation. Under the regulation 29 C.F.R. § 1601.25a(b), a charging party can demand the statutory notice of the right to sue after sixty days have past since the filing of the charge. Surely no one doubts the right of the complainant to sue in the District Court if the EEOC has not made a finding of reasonable cause during that time. Miller v. International Paper Co., *supra*. However, 29 C.F.R. § 1601.25a(c) states:

> Issuance of notice pursuant to § 1601.25 does not terminate the Commissions jurisdiction of the proceeding, and the case shall continue to be processed.

Thus, if the investigation continues, after notice is issued and suit is filed, and the EEOC finds no reasonable cause, does jurisdiction remain? If the answer is affirmative, jurisdiction has depended solely on the fact that it took the Commission more than sixty days to make the determination. If the answer is negative, the EEOC is in the position of being able to deprive the Court of jurisdiction after it has been assumed. We do not think that such a result was ever intended.

Another factor leading to the conclusion that the action against Local 10–208 must be allowed is found in the reasoning of the Court in Grimm v. Westinghouse Electric Corp., *supra*. The Court there noted the numerous jurisdictional questions in which broad judicial interpretations have been made and the numerous indications that the actions of the EEOC were never intended to be dispositive of a complainant's allegation of discrimination. This Court is in accord with that reasoning.

Finally, in the circumstances of this case, it would be manifestly unjust to dismiss Local 10–208 when its presence may be necessary for a full and complete adjudication and where it is impossible to determine from the matter on file whether the EEOC did or did not find reasonable cause with respect to the charge against it. As a practical matter, where cause has been found as to

---

defendant to court. A complainant has an absolute right to go into court, and this provision does not affect that right

at all. 110 Cong.Rec. 14191 (June 17, 1964).

one or more of the charged parties and the others may be indispensible for a just and complete adjudication, it is the opinion of this Court that justice would require that they remain in the suit.

PARTY NOT CHARGED BEFORE THE EEOC

The defendant H. Leo Nye has moved for dismissal or for summary judgment on the ground that he was not named in the charge before the EEOC. The section authorizing jurisdiction in this Court, 42 U.S.C. § 2000e–5(e), permits an action against the respondent named in the charge. The plaintiffs rely on the holding of Taylor v. Armco Steel Corp., 60 L.C. ¶ 9266 (S.D.Tex. 1969), and language in Mickel v. South Carolina Employment Service, 377 F.2d 239 (4th Cir. 1968) (dictum), Sokolowski v. Swift & Co., 286 F.Supp. 775 (D. Minn.1968) (dictum), and Moody v. Albemarle Paper Co., 271 F.Supp. 27 (E. D.N.C.1968) (dictum), in support of the contention that any agent of a party charged before the Commission may be sued in an action in the District Court even though that defendant was not a respondent before EEOC.

■ This Court has previously held that the mere existence of an agency relationship does not authorize a suit against those persons who were not respondents before the EEOC. Butler v. Local No. 4, 308 F.Supp. 528, No. 69 C 432 (N.D.Ill.October 9, 1969).

> Defining a labor organization to include its agents [42 U.S.C. § 2000e(d)] delineates the scope of application of the sections of Title VII prohibiting unlawful employment practices. It does not suggest that the term "respondent" as used in 42 U.S.C. § 2000e–5(e) has the same meaning. According to the definition, the activities of agents of labor organizations are subject to the provisions of Title VII. However, the charging of one before the EEOC does not make a respondent of the other. Butler v. Local No. 4, supra.

Agency alone is not enough. However, we also stated that "[t]he situation may be different where there is substantial identity between the parties * * *"

■ It is clear that the purpose of Title VII is to provide an employer or labor organization charged with discrimination with notice of the charge and to provide a forum for informal negotiations and conciliation before the controversy progresses to an adversary proceeding. Bowe v. Colgate-Palmolive Co., 416 F.2d 711 (7th Cir. 1969). If the existence of an agency relationship were sufficient to justify disregarding the literal meaning of section 706(e) of the Act, then the policy of the statute would be frustrated as well, since notice to and negotiation with a charged party would not of necessity be notice to and negotiation with all of its agents.

■ That is not the case where there is substantial identity between the defendants. Here the defendant Nye is the Recording Secretary of Local 10–208. He is subject to the provisions of Title VII and any notice and investigation of the charges against Local 10–208 must have included him since it was through him that the allegedly discriminatory fees were collected. We therefore conclude that no useful purpose would be served by requiring the plaintiffs to have proceeded against him before the EEOC and the Court will therefore not require a futile act. For these reasons the defendant Nye's motion to dismiss will be denied.

VENUE

■ The American Federation of Musicians has moved to dismiss or for summary judgment on the ground of improper venue. The motion is without merit and will be denied.

The relevant section, 42 U.S.C. § 2000e–5(f), reads in part:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the

judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the plaintiff would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such judicial district, such action may be brought within the judicial district in which the respondent has his principal office.

The AFM contends that since the action taken to require the plaintiffs to repay the transfer fees occurred in Florida and since its principal office is in New York, no alleged act of discrimination occurred in this district. The contention is without merit. The plaintiffs live and work in this district and were required to repay the fees here. The fact that the decision that required them to do so was made elsewhere does not necessitate the conclusion that no alleged act of discrimination occurred in this district. It taxes common sense to suggest otherwise.

In accordance with the foregoing, all motions to dismiss or for summary judgment will be denied.